**FLEETWOOD ENTERPRISES, INC., et al., Plaintiffs-Appellees,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants-Appellants.**

No. 86–1512.

United States Court of Appeals, Fifth Circuit.

June 10, 1987.

Jay S. Bybee, Michael J. Singer, Civil Div., Washington, D.C., for defendants-appellants.

Philip E. McCleery, Sheehy, Lovelace & Mayfield, Waco, Tex., Lawrence F. Henneberger, Michael L. Sibarium, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., William H. Lear, Riverside, Cal., for plaintiffs-appellees.

Before RUBIN, RANDALL and JOHNSON, Circuit Judges.

RANDALL, Circuit Judge:

The United States Department of Housing and Urban Development ("HUD") and the Secretary of HUD appeal from the district court's grant of summary judgment in favor of Fleetwood Enterprises, Inc., and one of Fleetwood's subsidiaries (referred to collectively as "Fleetwood"), the largest American builder of manufactured homes, in which the district court held that certain regulations promulgated by the Secretary conflicted with the National Manufactured Housing Construction and Safety Standards Act of 1974 ("the Act"), 42 U.S.C. § 5401 *et seq.*, ordered the Secretary enjoined from conducting a formal administrative proceeding under those regulations, and issued a writ of mandamus ordering the Secretary to grant Fleetwood an informal administrative proceeding. Because we agree with the Secretary that the district court erred in holding that HUD had obligated itself under its regulations to conduct an informal proceeding, we reverse.

I.

*A. The National Manufactured Housing Construction and Safety Standards Act of 1974:*

In 1974, Congress enacted the National Manufactured Housing Construction and Safety Standards Act of 1974, Pub.L. No. 93–383, Title VI, 88 Stat. 700–14, *codified as amended at* 42 U.S.C. § 5401 *et seq.* Section 5401 sets out the congressional declaration of purpose, and states that "the purposes of this chapter are to reduce the number of personal injuries and deaths and the amount of insurance costs and property damage resulting from manufactured home accidents and to improve the quality and durability of manufactured homes." *Id.* § 5401. The Act required the Secretary to establish by regulation federal manufactured home construction and safety standards. *Id.* § 5403. The Act prohibits the sale, lease, delivery, introduction, or importation of any manufactured home that does not comply with the standards promulgated by the Secretary. *Id.* § 5409. Civil penalties, criminal penalties, and injunctive relief are authorized against a manufacturer who violates the Act. *Id.* §§ 5410–11. Furthermore, the Act requires that a manufacturer give the purchaser of a manufactured home notice of any failure of the home to meet federal standards and, in certain cases, requires that the manufacturer bring the home into compliance with federal standards at no cost to the purchaser. *Id.* § 5414. The Secretary is given a wide

range of powers to use in enforcing the provisions of the Act. *See generally id.* § 5413. Of particular importance to the issue in this appeal, the Secretary is authorized

> *to hold such hearings,* take such testimony, sit and act at such times and places, administer such oaths, and require, by subpena or otherwise, the attendance and testimony of such witnesses and the production of such books, papers, correspondence, memorandums, contracts, agreements, or other records, *as the Secretary or such officer or employee deems advisable.*

*Id.* § 5413(c)(1) (emphasis supplied).

The Act also provides that should the Secretary determine that any manufactured home fails to comply with federal standards,

> then he shall immediately notify the manufacturer of such manufactured home of such defect or failure to comply. The notice shall contain the findings of the Secretary and shall include all information upon which the findings are based. *The Secretary shall afford such manufacturer an opportunity to present his views and evidence in support thereof, to establish that there is no failure of compliance.*

*Id.* § 5414(e)(2) (emphasis supplied). The only issue in this appeal is the type of hearing that the Secretary must provide to a manufacturer to enable it to present its views and evidence.

*B. The Regulations:*

The Secretary has promulgated regulations to implement the requirement in 42 U.S.C. § 5414(e)(2) that the manufacturer be afforded "an opportunity to present his views and evidence in support thereof." The regulations provide at the outset that the Secretary may employ two types of administrative proceedings to enable a manufacturer to present its views and evidence in support thereof. The regulations state as follows: "Section 3282 provides for two types of procedures which may be followed in these cases, one informal and nonadversary, and one more formal and adversary. It also sets out criteria to govern which type of procedure will be followed in particular cases." 24 C.F.R. § 3282.151(a). The two types of procedures are termed "Hearings" and "Presentations of Views," with hearings being the more formal procedure. *See id.* § 3282.-152(f) (presentation of views) & (g) (hearings). The regulations governing presentations of views provide as follows:

> (f) *Presentation of Views.* (1) A Presentation of Views may be written or oral, and may include an opportunity for an oral presentation, whether requested or not, whenever the Secretary concludes that an oral presentation would be in the public interest, and so states in the notice. A presiding officer shall preside over all oral presentations held under this subsection. The purpose of such presentations shall be to gather information to allow fully informed decision making. Presentations of Views shall not be adversary proceedings. Oral presentations shall be conducted in an informal but orderly manner. The presiding officer shall have the duty and authority to conduct a fair proceeding, to take all necessary action to avoid delay, and to maintain order. In the absence of extraordinary circumstances, the presiding officer at an oral Presentation of Views shall not require that testimony be given under oath or affirmation, and shall not permit either cross-examination of witnesses by other witnesses or their representatives, or the presentation of rebuttal testimony by persons who have already testified. The rules of evidence prevailing in courts of law or equity shall not control the conduct of oral presentations of views.

*Id.* § 3282.152(f). The regulations governing hearings provide as follows:

> (g) *Hearings.* (1) A Hearing is an adversary proceeding and includes an opportunity for the oral presentation of evidence. All witnesses shall testify under oath or affirmation which shall be administered by the presiding officer. Participants shall have the right to present such oral or documentary evidence and to conduct such cross-examination as the

presiding officer determines is required for a full and true disclosure of the facts. The presiding officer shall receive relevant and material evidence, rule upon offers of proof and exclude all irrelevant, immaterial or unduly repetitious evidence. However, the technicalities of the rules of evidence prevailing in courts of law or equity shall not control the conduct of a hearing. The presiding officer shall take all necessary action to regulate the course of the Hearing to avoid delay and to maintain order. The presiding officer may exclude the attorney or witness from further participation in the particular Hearing and may render a decision adverse to the interests of the excluded party in his absence.

*Id.* § 3282.152(g).

In deciding which type of procedure to utilize in a particular case, the regulations provide that the Secretary is to consider a variety of factors. The regulations state that

[i]n determining whether the requirements of paragraph (f) or (g) of this section shall apply the Secretary shall consider the following:

(i) The necessity for expeditious action;

(ii) The risk of injury to affected members of the public;

(iii) The economic consequences of the decisions to be rendered; and

(iv) Such other factors as the Secretary deems appropriate.

*Id.* § 3282.152(c)(4).

### C. Administrative Proceedings:

In February 1984, HUD, pursuant to its statutory authority, initiated an investigation into Fleetwood's compliance with HUD regulations concerning manufactured home construction. On September 11, 1985, HUD issued to Fleetwood a Notice of Preliminary Determination and Opportunity for Hearing. In the notice, HUD stated that it had made a preliminary determination that Fleetwood had failed to comply with certain federal standards for manufactured housing set out in 24 C.F.R. § 3280, and that the sale of such noncomplying manufactured homes constituted a violation of 42 U.S.C. § 5409(a)(1). HUD sought relief in the form of notification to the purchasers of the nonconforming manufactured homes pursuant to 24 C.F.R. § 3282.407(c)(1) and civil penalties pursuant to 42 U.S.C. § 5410(a). The notice also stated that Fleetwood could request a formal, adversary administrative hearing before an Administrative Law Judge ("ALJ") pursuant to 24 C.F.R. 3282.152(g), and that the hearing would include the opportunity to present oral and documentary evidence and to conduct cross-examination.

On October 1, 1985, Fleetwood requested the less formal presentation of views proceeding. On October 3, 1985, HUD replied by letter that a formal hearing, rather than the less formal presentation of views, was the appropriate procedure to follow in this case. The letter stated that, in making his determination that a formal hearing with its procedural safeguards was the appropriate proceeding to conduct in this case, the Secretary had considered a number of factors, including the possible economic consequences to Fleetwood of an adverse determination. The letter went on to state that Fleetwood's request for a presentation of views would be treated as a request for a formal adversary hearing.

At a prehearing conference before an ALJ on November 15, 1985, Fleetwood again took the position that it had a right to an informal presentation of views, and that the Secretary could not require it to defend against the Secretary's preliminary determination in a formal adversary hearing. Following this conference, the ALJ issued a memorandum order which stated that the Secretary had followed the relevant regulations for choosing the form of the hearing, that the ALJ had no authority to set aside any of the HUD regulations, and that the selection of the form of the administrative proceedings in this case was committed to the discretion of the Secretary. The ALJ, concluding that it was bound by the Secretary's determination that a formal adversary hearing was appropriate in this case, set out a discovery schedule for the hearing. The hearing was scheduled for March 3, 1986, and formal

notice of the hearing was published in the Federal Register. *See* 50 Fed.Reg. 48840 (November 27, 1985). The formal notice of hearing stated that, in determining that a formal hearing was necessary, the Secretary had considered the factors specified in 24 C.F.R. § 3282.152(c)(4), and had determined that a formal hearing was required because of the complexity, importance, and possible economic consequences of the case.

*D.  Judicial Proceedings:*

On December 13, 1985, Fleetwood filed this suit in the United States District Court for the Western District of Texas. Fleetwood sought a declaratory judgment that the HUD regulations which allow the Secretary to determine that a manufacturer's only means of exercising its statutory right to present its views is to participate in a formal hearing are beyond the scope of the authority that Congress delegated to HUD under the Act. Fleetwood also sought an injunction prohibiting HUD from proceeding with the formal hearing and a writ of mandamus ordering HUD to grant Fleetwood an informal presentation of views. Both Fleetwood and HUD moved for summary judgment.

On April 21, 1986, the district court entered an order granting Fleetwood's motion for summary judgment. In this order, the district court held that the Secretary was authorized to define and interpret the statutory requirement that a manufacturer be given the "opportunity to present his views and evidence in support thereof," in determining the type of administrative proceeding required by the Act, and that it was within the Secretary's authority to determine that it may be necessary to provide either a formal or an informal hearing. The district court held, however, that the language of the regulations promulgated by HUD conflicted with the Act. In so holding, the district court reasoned as follows:

> While the Court finds that the regulations of the Secretary providing for both a formal and informal proceeding under § 5413(e) of the Act are proper and not outside the scope of the agency's authority, the Court notes that the language of the Secretary's regulations conflicts with the statute. The Secretary's regulations provide for a "presentation of views" or a "hearing." They define "presentation of views" to be an informal, non-adversarial proceeding. The statute requires a "presentation of views." 42 U.S.C. § 5414(e). Since the Secretary's own regulations state that a "presentation of views" is an informal proceeding, it follows that the Plaintiffs are entitled to an informal proceeding. By tracking the language of the statute in providing a "presentation of views," the Secretary has given the impression that a presentation of views both under the Act and regulations will be an informal proceeding. A person reading both the Act and the regulations at paragraph (f) would expect, and rightfully so, that they had the right to present their views and evidence in an informal, non-adversarial proceeding.

The district court therefore held that 24 C.F.R. § 3282.152(g) was inconsistent with the language of 42 U.S.C. § 5414(e), and was therefore "null and void." The district court permanently enjoined HUD from taking any action in furtherance of holding a formal hearing and issued a writ of mandamus requiring HUD to allow Fleetwood to present its views at an informal proceeding. HUD filed a timely notice of appeal to this court.

## II.

On appeal, the Secretary argues that the district court was correct in its conclusion that under 42 U.S.C. § 5414(e) HUD could hold either a formal or an informal hearing, but that the district court erred in holding that under the regulations the Secretary had obligated himself to conduct only an informal administrative proceeding. HUD argues that, in using the term "Presentation of Views" in its regulations, it was only referring to the informal hearing provided for in the regulations, and was not tracking the language of 42 U.S.C. § 5414(e) or otherwise indicating that the statutory requirement that a manufacturer

be given "an opportunity to present his views and evidence" would always take place in the form of an informal hearing or that a manufacturer had the right to an informal hearing. HUD argues that no misleading impression could reasonably be given from the regulations, which explicitly state that HUD may follow two types of procedures, one formal and adversary and the other informal and nonadversary. Finally, HUD argues that the Secretary, in compliance with HUD regulations, correctly determined that a formal hearing was required in this case because the case might have serious economic consequences for Fleetwood and because the case involved complex technical issues and differing interpretations of regulatory standards. *See* 50 Fed.Reg. 48841 (Nov. 27, 1985).

In response, Fleetwood argues that the district court's holding that the formal hearing provision contained in 24 C.F.R. § 3282.152(g) is inconsistent with the Act should be affirmed, but also disagrees with the district court's reasoning. Fleetwood takes the position on appeal that HUD may conduct formal adversary administrative proceedings *at the request of a manufacturer*, but may not require a manufacturer to participate in a formal hearing when the manufacturer requests a less formal proceeding in which to present its views. In support of this argument, Fleetwood looks by analogy to the National Traffic and Motor Vehicle Safety Act of 1966 ("NTMVSA"), and argues that the legislative history of analogous provisions in that statute indicate the intent of Congress to afford a manufacturer the right to an informal hearing.

In response to Fleetwood's arguments for affirmance, HUD replies that the legislative history of NTMVSA is not relevant to HUD's interpretation of the National Manufactured Housing Construction and Safety Standards Act, and that the Secretary need not consider the legislative history of NTMVSA in promulgating the regulations governing the type of hearing that a manufacturer is entitled to under the Act. We turn now to our consideration of these issues.

### III.

In deciding whether the Secretary's interpretation of the Act as allowing for either formal or informal administrative proceedings at the discretion of the Secretary conflicts with the language of the Act, this court applies an analysis set out by the Supreme Court:

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines that Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694, 702–03 (1984) (footnotes omitted).

Turning to the first question in our analysis, we hold that the intent of Congress is not unambiguously expressed on the issue of the type of hearing that the Secretary is required to afford a manufacturer to enable it to "present its views and evidence in support thereof" when the Secretary has determined that the manufacturer has failed to comply with federal manufactured housing construction and safety standards. Fleetwood argues that Congress intended by this language to require an informal, nonadversary hearing in all cases, in that, had Congress intended that the Secretary hold formal, adversary hearings, it certainly could have so provided. In support of this argument, Fleetwood

points to other provisions of the Act in which Congress used the term "hearing." *See* 42 U.S.C. §§ 5422(d) (Secretary must provide a state with "due notice and opportunity for a hearing" before rejecting state plan for enforcement of federal manufactured home standards), 5422(f) ("due notice and opportunity for a hearing" required prior to Secretary's withdrawal of approval of a state enforcement plan). We think that the fact that Congress used the term "hearing" in some sections of the Act but not in the section providing a manufacturer a right to an opportunity to present its views is insufficient to compel the conclusion that Congress intended to afford a manufacturer the right to an informal proceeding. Assuming, *arguendo*, that Congress intended to provide for formal hearings in those sections of the Act in which the term "hearing" is used, it does not follow that the Secretary is prohibited from holding a formal administrative hearing when the Act uses the phrase "present his views and evidence in support thereof." Instead, we think that the most that can be read into the use of these different terms by Congress is that the Secretary is not required to conduct a formal hearing in order to provide a manufacturer with an opportunity to present his views, not that he is prohibited from conducting a formal hearing. Quite simply, we think that the relevant language of the Act fails to provide an answer to the question of the *type* of proceeding that the Act requires the Secretary to provide a manufacturer to allow it to present its views.[1] Hence, finding that Congress expressed no clear intent on this issue, we turn to the determination of whether the interpretation given the Act by the Secretary is based on a permissible construction of the Act.

■ Turning to the second prong of our analysis, we must determine whether the Secretary's construction of the Act is reasonable. The Secretary construes the Act as requiring that a manufacturer be given an opportunity to present its views and evidence but leaving the form of the pro-

ceeding to the discretion of the Secretary. This interpretation of the Act derives support both from section 5413(c)(1) of the Act, which empowers the Secretary to hold such hearings as he deems advisable in carrying out the provisions of the Act, and from section 5424, which authorizes the Secretary "to issue, amend, and revoke such rules and regulations as he deems necessary to carry out [the Act]." We think that the Secretary's interpretation of the Act is a reasonable one, and that, as such, we are compelled to defer to it. This is because of the well-settled principle that the interpretation accorded a statute by the administrative agency charged with its enforcement will generally prevail. As the Supreme Court has stated:

> This view of the agency charged with administrating the statute is entitled to considerable deference; and to sustain it, we need not find that it is the only permissible construction that [the agency] might have adopted but only that [the agency's] understanding of [the statute] is a sufficiently rational one to preclude a court from substituting its judgment for that of [the agency].

*Chemical Mfrs. Ass'n v. Natural Resources Defense Council, Inc.*, 470 U.S. 116, 125, 105 S.Ct. 1102, 1108, 84 L.Ed.2d 90, 98 (1985); *see also American Cyanamid Co. v. U.S. Environmental Protection Agency*, 810 F.2d 493, 496 (5th Cir.1987) (EPA's interpretation of amendments to the Clean Air Act entitled to "great deference"). We hold that the Secretary's interpretation of the Act as allowing for either formal or informal administrative proceedings depending upon the circumstances of the particular case "to be sufficiently rational to preclude a court from substituting its judgment for that of [HUD]." *Young v. Community Nutrition Inst.*, —— U.S. ——, ——, 106 S.Ct. 2360, 2365, 90 L.Ed.2d 959, 967 (1986).

■ The district court reached the same conclusion on this issue, holding that the regulations of the Secretary providing for

---

1. The legislative history of the Act does not resolve this ambiguity, but only provides that the Act "[w]ould give manufacturer an opportu-

nity to present his position." S.Rep. No. 693, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 4273, 4413.

both formal and informal proceedings were not inconsistent with the Act and were not outside the scope of HUD's authority. This holding of the district court was clearly correct. The district court went further, however, and held that the regulations providing for hearings and presentations of views conflicted with the language of the Act. The district court reasoned that because section 5414(e) of the Act requires a "presentation of views" and the Secretary's regulations define "Presentation of Views" as an informal proceeding, the Secretary had given the impression, upon which a manufacturer would be entitled to rely, that a presentation of views would be an informal proceeding. We think that this holding of the district court is based on an unduly narrow reading of both the Act and the Secretary's regulations.

First, we note that section 5414(e) of the Act does not require a "presentation of views." Instead, the Act merely provides that "[t]he Secretary shall afford such manufacturer an opportunity to present his views and evidence in support thereof." As the district court, and now this court, has held, the Secretary may meet this statutory requirement by holding either a formal adversary administrative hearing or an informal nonadversary proceeding. The district court reasoned, however, that by using the term "presentation of views" in the regulations and defining "presentation of views" as an informal proceeding, the Secretary had obligated himself to conduct only an informal proceeding. We do not think that a fair reading of the regulations supports this conclusion. The section of the regulations entitled "Hearings, Presentations of Views, and Investigations," expressly provides that "[t]his subpart sets out procedures to be followed when an opportunity to present views provided for in the Act is requested by a party entitled to one under the Act." 24 C.F.R. § 3282.-151(a). In the same paragraph, the regulations state that "[s]ection 3282.152 provides for two types of procedures which may be followed in these cases, one informal and nonadversary, and one more formal and adversary." *Id.* We think that a fair reading of this section clearly conveys that an opportunity to present views under the Act may take place at either a formal "hearing" or an informal "presentation of views." The district court erred, therefore, in holding that the regulations obligated the Secretary to conduct only an informal proceeding. Hence, we reverse those parts of the district court's order enjoining the Secretary from conducting a formal proceeding and issuing a writ of mandamus requiring the Secretary to afford Fleetwood an informal proceeding.

Having concluded our analysis of the ground upon which the district court rested its decision, we now consider Fleetwood's arguments based upon the National Traffic and Motor Vehicle Safety Act of 1966. Fleetwood contends that Congress and the Secretary of Transportation have interpreted similarly-worded hearing provisions in NTMVSA to require that DOT provide manufacturers an opportunity to present their views at an informal hearing. *See* 15 U.S.C. § 1412(a) ("The Secretary shall afford such manufacturer an opportunity to present data, views, and arguments to establish that there is no defect or failure to comply or that the alleged defect does not affect motor vehicle safety...."). Fleetwood, citing the principle that similarly-worded statutes should be construed the same absent some compelling reason to read them differently, argues that the Secretary of HUD must interpret the hearing provisions of the Act in the same manner as the Secretary of Transportation interprets the hearing requirement in NTMVSA. Fleetwood also points to statements in the legislative history of amendments to NTMVSA which indicate that Congress approved of and desired to retain DOT's informal hearing procedures. *See* H.R.Rep. No. 1191, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 6046, 6052; H.R.Conf.Rep. No. 1452, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 6084, 6087. We reject this argument. We think that the possibility that Congress approved the interpretation by the Secretary of Transportation of a similarly-worded hearing requirement in NTMVSA is too attenuated to provide

grounds for a federal court to require the same interpretation of the Secretary of HUD, especially given that the Act expressly gives the Secretary of HUD the discretion to conduct such hearings as he deems advisable. Furthermore, we think that it is significant that neither the text of the Act nor its legislative history indicates that the Secretary is obligated to conduct an informal administrative proceeding and no other. Finally, and most significantly, Fleetwood has cited to no language, either in the Act or its legislative history, which shows an intent on the part of Congress that the Secretary of HUD interpret the provisions of the Act in the same manner as the Secretary of Transportation has interpreted the provisions of NTMVSA. As our discussion above makes clear, the Secretary's interpretation of the Act is reasonable, and a conflicting interpretation of another similarly-worded federal statute by another federal agency or the congressional statements in the legislative history of amendments to another federal statute are insufficient to show that the Secretary's reading of the Act was unreasonable, absent some statement from Congress indicating an intent that the two statutes be interpreted in the same manner by the agencies charged with their enforcement.

Finally, we address Fleetwood's argument that the reversal of the district court's decision would impose the burden and expense of a full adversary hearing on Fleetwood, would allow HUD to engage in regulation by attrition, and would ultimately result in higher prices for the consumers of manufactured homes. We also reject this argument. We note, at the outset, that there is no evidence in the record to support Fleetwood's contention that a formal hearing would necessarily be more costly than an informal presentation of views. Assuming, however, that this is indeed the case, we think that this is an insufficient ground for invalidating the Secretary's regulations providing for formal hearings. Fleetwood cites no authority for the proposition that an entity engaged in an endeavor subject to federal regulation is entitled to the least costly administrative procedure available, and we decline to adopt such a rule. If Fleetwood believes that less formal procedures would lower the cost of manufactured homes and that this goal is consistent with the congressional policy behind the Act, then Fleetwood should address its arguments to Congress, not to the courts.

IV.

For the above reasons, the judgment of the district court is REVERSED.